Plaintiff-appellant appeals from the September 3, 1998, Judgment Entry of the Licking County Court of Common Pleas granting appellee's Motion for Summary Judgment and denying appellant's Motion for Summary Judgment.
On October 9, 1997, appellant filed a complaint against the estate of James R. Carlock seeking specific performance of an alleged contract for the sale of real estate. Appellant subsequently amended her complaint to include, in count two, a claim for damages.
Appellant, on July 2, 1998, filed a Motion for Summary Judgment. A Cross-Motion for Summary Judgment was filed by appellees, the administrators of the estate of James R. Carlock, on July 14, 1998. Pursuant to a Memorandum Decision filed on August 26, 1998, the trial court granted appellees' Motion for Summary Judgment as to count one of appellant's complaint while denying appellant's motion. A Judgment Entry memorializing the court's decision was filed on September 3, 1998. Thereafter appellant, on October 22, 1998, voluntarily dismissed count two of her complaint with prejudice since the estate of James R. Carlock "contains few assets." The trial court's September 3, 1998, Judgment Entry, therefore, became a final appealable order.
On October 28, 1998, appellant filed a Notice of Appeal from the trial court's September 3, 1998, entry raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT
 II. THE TRIAL COURT ERRED IN OVERRULING THE PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF THE PLAINTIFF-APPELLANT'S COMPLAINT.
However, during the pendency of the appeal, appellees sold the subject property to appellant for $40,000.00 and delivered a deed to her. For such reason, appellees, on January 19, 1999, filed a Motion to Dismiss appellant's appeal on the ground that it is moot. Pursuant to a Judgment Entry filed on February 18, 1999, this court stated that appellees' motion would be considered during the merit review of this matter. Oral arguments were heard in this matter on May 20, 1999.
Since the subject property has been conveyed to appellant, the appellees cannot specifically perform the alleged contract by conveying the property to appellant a second time.
Appellant's assignments of error are, therefore, moot.
Appellees' Motion to Dismiss the within appeal as moot is, therefore, granted.
By Edwards, J., Gwin, P.J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGE
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES